United States District Court
Southern District of Texas
**ENTERED**
December 12, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE LUIS BERBER,<br>TDCJ # 02055793,<br><br>　　　　Petitioner,<br><br>v.<br><br>LORIE DAVIS,<br><br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-17-3427 |

## ORDER FOR AN ANSWER

State inmate Jorge Luis Berber (TDCJ #01966975) has filed a federal petition under 28 U.S.C. § 2254, seeking a writ of habeas corpus to challenge his conviction and sentence. Under 28 U.S.C. § 2241, *et seq.*, and the Rules Governing Section 2254 Cases in the United States District Courts, the Court **ORDERS** as follows:

1. Preliminary examination of petitioner's application and for a writ of habeas corpus and state court records indicates that an answer is needed.[1]

2. Respondent shall file an answer to the petition, in compliance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts, within **sixty (60) days** of the date of this Order. Respondent shall forward a copy of same to petitioner.

3. If appropriate, the respondent's answer shall contain: (a) a statement of the authority by which petitioner is held, and if held under the judgment of any court(s) the name of such court(s)

---

[1] Although not clear from the petition, state court records show that the Texas Court of Criminal Appeals denied Berber's state application for habeas corpus without written order on October 11, 2017.

and the number and style of the case(s) in which same were entered; (b) the offense(s) and sentence(s); (c) a specific response to each factual allegation and legal contention with applicable authority; (d) a statement as to whether petitioner has exhausted all state remedies, either by appeal or collateral attack; and (e) a statement indicating what transcripts of pretrial, trial or plea, sentencing and post-conviction proceedings are available (or which may later be available) and when they can be furnished, and what proceedings have been recorded and not transcribed.

4. Moreover, if appropriate, the copy of respondent's answer filed with the Court shall be accompanied by the following documents relating to the conviction(s) of the state court which petitioner attacks: (a) copies of the indictment(s), judgment(s), sentence(s), and order(s) pursuant to which petitioner is being held; (b) if petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, a copy of the petitioner's brief on appeal and a copy of the judgment(s) on appeal, the statement of facts on appeal, the opinion(s) of the appellate courts or a reference to where it or they may be found in the reports; (c) if petitioner has collaterally attacked the judgment of conviction or order in a post-conviction proceeding, a copy of petitioner's application for collateral relief including all answers and judgments rendered as a result; and (d) a copy of only such portions of the transcripts respondent considers relevant for the proper resolution of this action.

5. Unless otherwise instructed by the Court, each party shall serve the other party, or counsel, with a copy of every pleading and attachments thereto;[2] letter; or other document submitted for consideration by the Court, with the exception of state court records. Service shall be by mail to the other party. Although the petitioner proceeds *pro se* in this case, he must provide a copy of

---

[2] *See Sixta v. Thaler*, 615 F.3d 569, 572-73 (5th Cir. 2010).

2

all future pleadings, motions, and correspondence filed with the Court to respondent's counsel. Every pleading or document filed with the Clerk of Court shall contain a signed certificate stating the date a true and correct copy of the pleading or document was mailed and to whom mailed. Any pleading or other document received by the Clerk which fails to include the certificate of service will be returned to the submitting party. Failure to mail a copy of the pleadings as certified by the certificate will subject the petitioner to sanctions by the Court. There will be no direct communications with the U.S. District Judge or Magistrate Judge. Communications must be submitted to the Clerk with copies to the other party.

6. Whether the respondent elects to submit an answer or a dispositive motion (*i.e.*, a motion to dismiss or for summary judgment), the petitioner shall file any reply within **thirty (30) days** of the date reflected on the certificate of service. If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

7. **The Clerk shall serve a copy of the petition (Docket Entry No. 1) and this Order by regular mail or electronically, if appropriate, upon: (1) the Respondent, Lorie Davis, P.O. Box 99, Huntsville, Texas 77342-0099; (2) the Attorney General of the State of Texas, Ken Paxton, Attention: Edward L. Marshall, Chief, Post-Conviction Litigation Division (Mail Code 066), P.O. Box 12548, Capitol Station, Austin, Texas 78711-2548, and (3) the Attorney General's Docketing Clerk: Laura.Haney@texasattorneygeneral.gov.**

8. Petitioner's request to proceed *in forma pauperis* (Docket Entry No. 1-1) is **GRANTED**.

3

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas, on \_\_\_December 11, 2017.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE